**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

NOE ANTONIO GALDAMEZ ALFARO,

                    Petitioner,

v.                                                                  Action No.   2:26cv47

JEFFREY CRAWFORD,
Abyon-Farmville Detention Center, and

LIANA CASTANO,
ICE Washington Field Office,

                    Respondents.

**<u>FINAL ORDER</u>**

Petitioner Noe Antonio Galdamez Alfaro ("Alfaro"), a detainee of United States Immigration and Customs Enforcement ("ICE"), submitted a *pro se* petition, pursuant to 28 U.S.C. § 2241 on January 14, 2026, while detained at the Farmville Detention Center in Farmville, Virginia.   ECF No. 1.   Alfaro asserts he has been unlawfully detained by ICE since September 1, 2025, and seeks immediate release.   *Id.* at 2, 5–8.   Specifically, Alfaro alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), is unlawful.   *Id.* at 2, 6.

Liana Castano ("Respondent") argues that because Alfaro was not legally granted entry into the country, he is still "seeking admission," making section 1225(b)(2) the appropriate statute to apply to his detention.   ECF No. 6, at 1.   For the reasons that follow, the Court will **GRANT the petition in part** and **ORDER** Respondent to hold a bond hearing to determine the lawfulness of Alfaro's detention within 7 days of this order.

## I.    BACKGROUND

Alfaro initiated this proceeding on January 14, 2026.   ECF No. 1.   He alleges that he has been residing and working in the United States and has no criminal history.   *Id.* at 6–7.   Alfaro indicates that, when he was driving to work on September 1, 2025, ICE agents made a traffic stop, took him into custody, and detained him at the Farmville Detention Center, in Farmville, Virginia. *Id.* at 5, 7.   Alfaro alleges he has been placed into removal proceedings and has been denied release on bond while his removal proceedings are pending.   *Id.* at 3, 6.

On January 28, 2026, respondent filed a Notice indicating that the factual and legal issues presented in this petition do not differ in any material fashion from those presented in *Andrade Portillo v. Perry, et al.*, No. 1:25cv1646 (E.D. Va. Nov. 25, 2025).   ECF No. 6.   Accordingly, the Court incorporates the filings from *Andrade Portillo* into this case.   Now that this matter has been fully briefed and is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decisional process.   Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

## II.    LEGAL STANDARD

A federal court may grant habeas relief only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."   *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."   28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement.   *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

2

## III.   ANALYSIS

As a threshold matter, this Court has jurisdiction to consider Alfaro's habeas challenge to his detention as neither 8 U.S.C. § 1252(b)(9) nor 1252(g) divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Alfaro's detention.   *See Quispe v. Crawford*, No. 1:25cv1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

With respect to the substance of his claim, Alfaro argues that his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A), and requests that he be released. ECF No. 1, at 6.

Respondent argues that Alfaro's detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Alfaro is detained under 8 U.S.C. § 1225(b)(2)(A) and not 8 U.S.C. § 1226(a).   *Andrade Portillo*, No. 1:25cv1646, ECF No. 4, at 10-13.   Moreover, Respondent argues that because Alfaro was not legally granted entry into the country, he is still "seeking admission," making section 1225(b)(2)(A) the appropriate statute to apply to his detention.   *Id.*   Further, Respondent asserts that petitioners like Alfaro who were subsequently placed into removal proceedings and have not actually been "admitted" are subject to mandatory detention under section 1225(b)(2)(A).   *Id.* at 4.

The parties' arguments are substantially similar to others made in recent habeas cases in this district.[1]   Here, as in those matters, the dispositive issue is reduced to whether Alfaro's

---

[1] *See, e.g., Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Quispe v. Crawford*, No. 1:25cv1471, 2025 WL 2783799 (E.D. Va. Sep. 29, 2025); *Quispe-Ardiles v. Noem*, No. 1:25cv1382, 2025 WL 2783800 (E.D. Va. Sep. 30, 2025); *Vargas Nunez v. Lyons*, 1:25cv1574, ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, 1:25cv1583, ECF No. 8 (E.D. Va. Oct. 1, 2025); *Gomez Alonzo v. Lyons*, 1:25cv1587, ECF No. 16 (E.D. Va. Oct. 1, 2025); *Perez Bibiano v. Lyons*, 1:25cv1590, ECF No. 8 (E.D. Va. Oct. 1, 2025); *Ortiz Ventura v. Noem*, 1:25cv1429, ECF No. 16 (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25cv1511, ECF No. 9 (E.D. Va. Oct. 3, 2025); *Guerra Leon v. Noem*, 1:25cv1634, ECF No. 12 (E.D. Va. Oct. 8, 2025); *Maldonado Merlos v. Noem*, 1:25cv1645, ECF No. 11 (E.D. Va. Oct. 9, 2025); *Alfaro v. Lyons*,

detention is governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2)(A) or the discretionary detention provisions in 8 U.S.C. § 1226(a).

Respondent's arguments have previously been rejected by numerous decisions both in this district and other district courts across the country and this case is not factually distinguishable such that it would require a different outcome. *Andrade Portillo*, No. 1:25cv1646, ECF No. 7, at 2. Alfaro alleges—and Respondent does not expressly dispute—that he has been residing and working in the United States and does not have any criminal history. ECF No. 1, at 6–7. Consequently, this Court also finds that Alfaro's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not section 1225(b)(2)(A)'s mandatory detention procedures. *See, e.g., Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4–10 (S.D.N.Y. Nov. 26, 2025). As the Supreme Court stated in *Jennings v. Rodriguez*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." 583 U.S. 281, 288–89 (2018).

Since Alfaro has been residing and working in the United States, he falls into the category of "aliens already in the country" subject to the discretionary detention provisions in section 1226(a).

Having determined that Alfaro's detention is governed by section 1226(a), the Court must

---

1:25cv1569, ECF No. 11 (E.D. Va. Oct. 11, 2025); *Singh v. Lyons*, 1:25cv1606, ECF No. 6 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*, 1:25cv1615, ECF No. 9 (E.D. Va. Oct. 15, 2025); *Arevalo Paniagua v. Simon*, 1:25cv1714, ECF No. 9 (E.D. Va. Oct. 29, 2025); *Boquin Oliva v. Noem*, 1:25cv1592, ECF No. 12 (E.D. Va. Oct. 29, 2025); *Quintero Flores v. Noem*, 1:25cv1614, ECF No. 9 (E.D. Va. Oct. 29, 2025); *Aguilar-Cruz Noem*, 1:25cv1740, ECF No. 8 (E.D. Va. Oct. 29, 2025); *Romero-Torres v. Perry*, 1:25cv1726, ECF No. 7 (Oct. 30, 2025).

consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes that for the same reasons the court found in *Andrade Portillo*, No. 1:25cv1646, ECF No. 7, at 2–3, Alfaro's continued detention under section 1226 without a bond hearing violates his substantive and procedural due process rights.   For the above reasons, Alfaro's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)(2)(A)'s mandatory detention procedures, and the Court finds that Alfaro is entitled to a bond hearing before an immigration judge.

## IV.    CONCLUSION

For all of the reasons above, the petition, ECF No. 1 is **GRANTED in part**, and it is hereby **ORDERED** that:

- Alfaro be provided with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order;

- Respondent is **ENJOINED** from denying bond to Alfaro on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

- in the event Alfaro is released on bond by an Immigration Judge, respondent is **ENJOINED** from rearresting Alfaro, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that Alfaro is detained under section 1225(b)(2); and

- Respondent shall file a status report on the status of Alfaro's bond hearing within three (3) days of the bond hearing.   The status report shall detail when the bond

hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to forward a copy of this order to Alfaro and to Kent Porter, Supervisor of the Civil Division of the U.S. Attorney's Office for the Eastern District of Virginia, Norfolk Division.

_Arenda L. Wright Allen_
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
February 12, 2026

6